UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:16-cv-01012 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY HIS MOTION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED |

　　　　Plaintiff seeks to proceed in forma pauperis with this action for judicial review of the decision to deny his application for Social Security benefits. (Docs. 1, 2)

　　　　The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Thus, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177, 1178 (9th Cir. 1999).

　　　　The Ninth Circuit determined that "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller*, 314 F.2d at 600-01. In

making a determination, the Court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe,* 586 F.Supp. 848, 850 (D.R.I. 1984).

Plaintiff asserts he is currently employed and has a monthly income of $3,807.86. (Doc. 2 at 2) Plaintiff reports montly expenses of $3,664.00. (*Id.* at 5) Notably, however, this total includes $1,100 per month for recreation, entertainment, clothing, and laundry. (*See id*. at 4) Given the information provided regarding Plaintiff's income and expenses —particularly the amounts identified for "[r]ecreation, entertainment, newspapers, magazines," and the purchase of new clothing each month—it is not clear that Plaintiff is unable to provide himself with life's necessisities while still paying the Court costs.

**ORDER**

As noted above, Plaintiff has not demonstrated an inability to pay the Court fees as required by 28 U.S.C. § 1915(a). Thus, the Court **ORDERS**:

1.   Within 21 days, Plaintiff SHALL show cause in writing why his motion to proceed in forma pauperis should not be denied; and

2.   **Plaintiff is advised that his failure to respond timely to this order will result in a recommendation that the motion to proceed in forma pauperis be denied.**

IT IS SO ORDERED.

Dated:   **July 16, 2016**              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

2